RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

DYLAN C. CERLING
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-616-3395 (v)
202-307-0054 (f)
Dylan.C.Cerling@usdoj.gov

*Of Counsel:*
Joseph H. Harrington
U.S. Attorney, Eastern District of Washington

Attorneys for the United States

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. C18-216 |
| Plaintiff, | **COMPLAINT** |
| v. | |
| LAITH ELAIMY; ABIR ELAIMY, a/k/a ABEER ELAIMY; VICKI PECKHAM d/b/a TOP DRAWER CABINETS; SETERUS, INC.; and SPOKANE COUNTY; | |
| Defendants. | |

The United States of America complains and alleges as follows:

Complaint
(Case No. C18-216)

1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

1.  This is a civil action brought by the United States of America to (1) reduce to judgment (solely against Laith Elaimy) the outstanding federal tax liabilities and civil penalties that were assessed jointly against Laith and Abir/Abeer Elaimy, formerly husband and wife, and (2) foreclose federal tax liens on a parcel of property (the "subject property," more specifically described below).

## JURISDICTION AND VENUE

2.  This action is brought at the direction of the Attorney General of the United States and at the request and with the authorization of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. §§ 7401 and 7403.

3.  The Court has jurisdiction over this action pursuant to 26 U.S.C. §§ 7402 and 7403 and 28 U.S.C. §§ 1340 and 1345.

4.  Venue is proper in the Eastern District of Washington under 28 U.S.C. §§ 1391(b)(1) & (2) because the subject property is located within this judicial district, and the behavior giving rise to the tax liabilities occurred in this judicial district. Moreover, upon information and belief, both Laith Elaimy and Abir/Abeer Elaimy live in the Eastern District of Washington.

Complaint
(Case No. C18-216)

2

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

## **DEFENDANTS**

5.  The United States realleges paragraphs 1 through 4 and reincorporates them herein.

6.  Laith Elaimy currently lives in the Eastern District of Washington. He is made a party to this suit because he has unpaid federal tax assessments, filed notices of federal tax liens related to those assessments name him, and he has an ownership interest in the subject property.

7.  Abir/Abeer Elaimy currently lives in the Eastern District of Washington. She is made a party to this suit because filed notices of federal tax liens related to the assessments described in the previous paragraph (which were made jointly against her) name her, and she has an ownership interest in the subject property. The United States acknowledges that her tax debts have been discharged in bankruptcy, but avers that the liens were not avoided by the bankruptcy.

8.  Vickie Peckham d/b/a Top Drawer Cabinets is made a party to this suit pursuant to 26 U.S.C. § 7403(b), because she/it may claim an interest in the subject property.

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

9.  Seterus, Inc. is made a party to this suit pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the subject property.

10.    Spokane County is made a party to this suit pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the subject property.

## THE SUBJECT PROPERTY

11.    The United States seeks foreclosure of federal tax liens against the parcel of real property described below (otherwise referred to as "the subject property"), identified as 8116 East Elde Dr., Spokane, WA 99212. The legal description is as follows:

> Lot 1, Block 4, Northwood Second Addition, according to plat recorded in Volume 15 of Plats, Pages 41 and 42, in Spokane County, Washington.

12.    On November 16, 1990, a statutory warrant deed was recorded in Spokane County (Vol. 1154 page 1658) in which M. Vincent Searles and Kristy Searles transferred the subject property to Laith F. and Abeer S. Elaimy, husband and wife. The deed states that the property was transferred "in consideration of one dollar and other good and valuable consideration."

Complaint
(Case No. C18-216)

4

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

13.     On August 11, 1999, a deed of trust was recorded in Spokane County (instrument number 4401039), in which the borrowers—Abeer S. Elaimy and Laith F. Elaimy—secured a loan of $121,493.87 with the subject property. The original lender was Washington Trust Bank, and the original trustee was Spokane County Title.

14.     Modifications of that deed of trust were recorded on June 13, 2000 (instrument number 4488688), April 12, 2007 (instrument number 5521453), and May 18, 2009 (instrument number 5792346). The first modification resulted in the deed of trust securing the debt of "Niko's Gourmet, Inc.", and increased the amount owed. The second modification increased the note amount by $148,880.35. The third modification increased the note amount by another approximately $60,000.

15.     The current mortgage-holder is Seterus, Inc.

16.     On October 7, 1999, Vickie Peckham d/b/a Top Drawer Cabinets recorded a lien pursuant to RCW 60.04, against Laith Elaimy, secured by the subject property, in the amount of $5,003.57.

17.     On January 18, 2007, Abeer S. Elaimy filed an order changing her first name from "Abeer" to "Abir."

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

## TAX LIABILITIES, ONE TAXPAYER'S DISCHARGE, AND THE TOLLING OF THE COLLECTION STATUTE

18.     The United States reasserts the allegations made in paragraphs 1 through 17, above, as full set forth herein.

19.     On the dates set forth below, a duly authorized delegate of the Secretary of the Treasury made assessments against Abeer Elaimy (a/k/a Abir Elaimy) and Laith Elaimy, jointly, as follows:

| Type of Tax | Tax Periods | Assessment Date | Assessment Amount[1] | | Estimated Unpaid Balance as of June 27, 2018[2] |
|---|---|---|---|---|---|
| 1040 | 1999 | 3-10-2003 | T | $97,362.44 | $206,816.16 |
| | | 3-10-2003 | P1 | $19,791.55 | |
| | | 3-10-2003 | P2 | $15,393.43 | |
| | | 3-10-2003 | I | $24,209.63 | |
| | | 10-3-2005 | P2 | $1,826.00 | |
| | | 11-16-2015 | I | $91,332.25 | |
| | | 11-14-2016 | I | $7,683.98 | |
| | | 11-13-2017 | I | $7,979.60 | |
| 1040 | 2001 | 2-10-2003 | T | $132,924.00 | $37,678.13 |
| | | 2-10-2003 | P3 | $2,974.07 | |
| | | 2-10-2003 | P1 | $21,602.02 | |
| | | 2-10-2003 | P2 | $4,800.45 | |
| | | 2-10-2003 | I | $5,826.49 | |
| | | 9-1-2003 | F | $38.00 | |

[1] T—tax assessed; F—fees and collection costs; P1—late return filing penalty, 26 U.S.C. §6651(a)(1); P2—failure to timely pay tax penalty, 26 U.S.C. §6651(a)(2) & (a)(3); P3—estimated tax penalty; P4—fraud penalty, § 6663; I—interest assessed, or reduced and removed previous interest credited; F—Fees and collection costs.
[2] Includes assessments and payments to date. Does not include accrued but unassessed interest and statutory additions.

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

| | | 10-3-2005 | P2 | $10,766.05 | |
| | | 11-16-2015 | I | $75,754.38 | |
| | | 11-14-2016 | I | $6,083.69 | |
| | | 11-13-2017 | I | $4,593.32 | |
| 1040 | 2003 | 8-16-2004 | T | $61,805.78 | $80,599.97 |
| | | 8-16-2004 | P2 | $883.39 | |
| | | 8-16-2004 | I | $552.62 | |
| | | 8-8-2005 | P2 | $3,533.58 | |
| | | 8-7-2006 | P2 | $4,240.29 | |
| | | 10-23-2006 | F | $64.00 | |
| | | 8-9-2010 | P2 | $176.68 | |
| | | 4-14-2014 | F | $110.00 | |
| | | 11-16-2015 | I | $29,808.90 | |
| | | 11-14-2016 | I | $2,744.10 | |
| | | | I | $3,150.63 | |
| **TOTAL** | | | | | $325,094.26 |

20.    On or around March 1, 2007, Laith and Abir/Abeer Elaimy submitted an offer in compromise, which was rejected by the IRS on August 6, 2008, 524 days later.

21.    The IRS collection statute was tolled during the period described in paragraph 20, plus an additional 30 days. 26 U.S.C. §§ 6331(k)(1) & 6331(i)(5).

22.    On or around February 26, 2009, Laith and Abir/Abeer Elaimy submitted a second offer in compromise, which was rejected by the IRS on November 2, 2009, 249 days later.

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

23.    The IRS collection statute was tolled during the period described in paragraph 22, plus an additional 30 days. 26 U.S.C. §§ 6331(k)(1) & 6331(i)(5).

24.    On or around May 20, 2011, Laith and Abir Elaimy filed for relief under the bankruptcy code (E.D. Wash. Case No. 2:11-bk-2526). That proceeding was dismissed without a discharge on or around November 23, 2011, 187 days later.

25.    The IRS collection statute was tolled during the period described in paragraph 24, plus an additional six months. 26 U.S.C. § 6503(h).

26.    On or around June 7, 2012, Laith and Abir Elaimy filed for relief under the bankruptcy code (E.D. Wash. Case No. 2:12-bk-2603). Laith Elaimy's discharge in that bankruptcy proceeding was denied on February 26, 2014, 629 days later. On or around March 7, 2014, the bankruptcy court granted Abir Elaimy a bankruptcy discharge.

27.    The IRS collection statute was tolled during the two periods described in paragraph 26, with each period being extended by an additional six months. 26 U.S.C. § 6503(h). The United States' statute-

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

of-limitations calculations have been based off of the shorter of the two periods (Laith Elaimy's period).

28.    The period for collection of the assessments described in paragraph 19, above, has not yet expired as to either Laith Elaimy or Abir/Abeer Elaimy, and this action is not barred by 26 U.S.C. § 6502.

29.    Laith Elaimy and Abir/Abeer Elaimy failed to pay in full the above tax liabilities despite notice and demand for payment. Pursuant to 26 U.S.C. § 6321, statutory liens arose against all property and rights to property owned by Laith and Abir/Abeer Elaimy, including the subject property, at the time of the tax assessments.

30.    Despite timely notice and demand for payment of the assessments described above, Laith Elaimy and Abir/Abeer Elaimy neglected or refused to make payment to the United States, and there remains due and owing on those assessments, together with accrued but unassessed statutory interest and other additions, the amount of $325,094.26, as of June 27, 2018, plus statutory interest and accruals after that date.

31.    The IRS duly recorded notices of federal tax liens in Spokane County, Washington, on August 27, 2003 (Doc. No. 4952132), October 3,

Complaint
(Case No. C18-216)

9

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

2006 (Doc. No. 5442629), October 30, 2012 (Doc. No. 6143524), and

March 24, 2014 (Doc. No. 6292404), for Laith and Abir/Abeer Elaimy's

1999, 2001, and 2003 individual income tax period debt.

## THE BANKRUPTCY AND ABIR/ABEER ELAIMY'S DISCHARGE

32.    The United States reasserts the allegations made in

paragraphs 1 through 31, above.

33.    As noted above, Laith and Abir/Abeer Elaimy petitioned for

relief under the bankruptcy code (Chapter 7, specifically) on or around

June 7, 2012.

34.    On February 26, 2014, the bankruptcy court denied Laith

Elaimy's request for a discharge.

35.    On March 7, 2014, the bankruptcy court granted Abir/Abeer

Elaimy's petition for a discharge.

36.    Accordingly, Laith Elaimy has not obtained a discharge of

the tax debts described in paragraph 19.

37.    Even after obtaining a bankruptcy discharge of her personal

debts, the liens securing Abir/Abeer's tax debts that attached to her pre-

petition bankruptcy property survived the bankruptcy. Accordingly,

Complaint
(Case No. C18-216)                                        10                        **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

even post-discharge, the United States can collect on Abir/Abeer

Elaimy's pre-petition property to which tax liens attached.

## COUNTY I: REDUCE TO JUDGMENT FEDERAL TAX AND PENALTY ASSESSMENTS AGAINST LAITH ELAIMY

38.     The United States reasserts the allegations made in

paragraphs 1 through 37, above.

39.     On the dates, in the amounts, and for the tax periods set

forth in paragraph 19 above, a duly authorized delegate of the Secretary

of the Treasury made assessments against Defendants Laith and

Abir/Abeer Elaimy, jointly, for unpaid federal income taxes, penalties,

and interest.

40.     Despite timely notice and demand for payment of the

assessments described above, Laith and Abir/Abeer Elaimy have

neglected, refused, or failed to pay the assessments and there remains

due and owing to the United States on those assessments (from Laith

Elaimy) the amount of $325,094.26, as of June 27, 2018, plus statutory

interest and accruals after that date.

41.     Abir/Abeer Elaimy has received a discharge in bankruptcy,

and the United States is not requesting a judgment against her for the

assessments described in paragraph 19.

Complaint
(Case No. C18-216)                                  11                    **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

42.     Under 26 U.S.C. § 7402(a), the United States is entitled to a judgment against Laith Elaimy for the unpaid balance of the assessed amounts described above, plus statutory interest and any other additions accruing to the date of payment.

## COUNT II: FIND THAT THE UNITED STATES' TAX LIENS HAVE PRIORITY OVER SUBSEQUENTLY-RECORDED INTERESTS

43.     The United States reasserts the allegations made in paragraphs 1 through 42, above.

44.     Any interests recorded after the IRS's notices of federal tax liens, apart from those entitled to a superpriority under 26 U.S.C. § 6323, should have a lower priority than the IRS tax liens.

45.     The United States is entitled to an order that the federal tax liens have priority over all interests in the subject property acquired after the attachment of the tax liens, subject to 26 U.S.C. § 6323.

Complaint
(Case No. C18-216)

12

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

## COUNT III: FORECLOSE FEDERAL TAX LIENS AGAINST THE SUBJECT PROPERTY AND SELL THE PROPERTY TO SATISFY, IN PART OR IN FULL, THE TAX LIENS AT ISSUE

46.     The United States realleges paragraphs 1 through 45 and reincorporates them herein.

47.     Pursuant to 26 U.S.C. §§ 6321 and 6322, statutory liens for unpaid federal taxes arose in favor of the United States against all property and rights to property, whether real or personal, belonging to Laith Elaimy and Abir/Abeer Elaimy—including the subject property—as of the dates of assessments described in paragraph 19, above.

48.     The federal tax liens under § 6321, described in the paragraph above, attached to Laith and Abir/Abeer Elaimy's interests in the subject property sought to be foreclosed in this action, and remain on the subject property, despite any subsequent transfers.

49.     Abir/Abeer Elaimy's bankruptcy discharge did not void, release, or ameliorate the liens described in the foregoing paragraphs, and the United States can still foreclose those liens because even after a bankruptcy discharge, the subject property "remains liable for a debt secured by a valid lien, including a tax lien." *In re Isom*, 901 F.2d 744, 745 (9th Cir. 1990).

Complaint
(Case No. C18-216)

13

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

50. Washington is a community property state, and the assessments described in paragraph 19 were made during the existence of the marital community.

51. Under 26 U.S.C. § 7403(c), the United States is entitled to a decree of sale of the subject property to enforce its tax liens (arising out of the tax debts of both Laith Elaimy and Abir/Abeer Elaimy, despite the latter's bankruptcy discharge) thereon.

WHEREFORE the United States prays as follows:

a. That judgment be entered against defendant Laith Elaimy for unpaid federal income taxes and penalties for the 1999, 2001, and 2003 tax years, in the amount of $325,094.26, as of June 27, 2018, plus statutory interest and accruals after that date.

b. That the Court determine that the United States has valid and subsisting federal tax liens, pursuant to 26 U.S.C. § 6321 and 6322, on all property and rights to property of Laith Elaimy, both real and personal, tangible and intangible, including the subject property.

Complaint
(Case No. C18-216)

14

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3395

c. That the Court determine the merits and priority of any claim or interest in the subject property asserted by the named Defendants. *See* 26 U.S.C. § 6323.

d. That the Court order that the United States' tax liens (arising out of the tax debts of both Laith Elaimy and Abir/Abeer Elaimy, despite the latter's bankruptcy discharge) encumbering the subject property be foreclosed; that the property be ordered sold pursuant to applicable law; that the proceeds of the sale be applied first to the costs of such sale and any outstanding real property county taxes at the time of such sale and to any other claimants with priority claims over the United States, and then to the United States to satisfy its federal tax liens; and

e. That the United States be granted such other relief as the court deems just and proper, including fees and costs as allowed by law.

Dated this 6th day of July, 2018.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney
General

*/s/ Dylan Cerling*
DYLAN C. CERLING
Trial Attorney, Tax Division
U.S. Department of Justice

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

1

2          P.O. Box 683
           Washington, D.C.  20044
3          202-616-3395 (v)
           202-307-0054 (f)
4          Dylan.C.Cerling@usdoj.gov

5          Of Counsel:
           Joseph H. Harrington
6          U.S. Attorney
           E.D. Wash.
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

Complaint
(Case No. C18-216)                    16            **U.S. DEPARTMENT OF JUSTICE**
                                                     Tax Division, Western Region
                                                     P.O. Box 683
                                                     Washington, D.C.  20044
                                                     Telephone: 202-616-3395

JS 44   (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet.   *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| United States of America | Laith Elaimy, Abir Elaimy, Vicki Peckham d/b/a Top Drawer Cabinets, Seterus Mortgage, Spokane County |

**(b)** County of Residence of First Listed Plaintiff _____
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant   Spokane
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Dylan Cerling, Trial Attorney, U.S. Department of Justice, Tax Division, PO Box 683, Washington, DC 20044
202-616-3395

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

☒ 1   U.S. Government
        Plaintiff

☐ 3   Federal Question
        *(U.S. Government Not a Party)*

☐ 2   U.S. Government
        Defendant

☐ 4   Diversity
        *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated *or* Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & | Pharmaceutical | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | Slander | Personal Injury | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 330 Federal Employers' Liability | Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | **Habeas Corpus:** | | ☒ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1   Original
        Proceeding

☐ 2   Removed from
        State Court

☐ 3   Remanded from
        Appellate Court

☐ 4   Reinstated or
        Reopened

☐ 5   Transferred from
        Another District
        *(specify)*

☐ 6   Multidistrict
        Litigation -
        Transfer

☐ 8   Multidistrict
        Litigation -
        Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
26 USC 7402, 26 USC 7403
Brief description of cause:
Reduce tax assessments to judgment and foreclose tax liens on real property

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION
UNDER RULE 23, F.R.Cv.P.

DEMAND $
325,094.26

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☐ Yes   ☒ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions)*

JUDGE _____

DOCKET NUMBER _____

DATE
07/06/2018

SIGNATURE OF ATTORNEY OF RECORD

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

JS 44 Reverse (Rev. 06/17)

## INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

### Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

I.(a)  **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  (b)  **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  (c)  **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

II.  **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked. (See Section III below; **NOTE: federal question actions take precedence over diversity cases.**)

III.  **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

IV.  **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

V.  **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441. When the petition for removal is granted, check this box.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statue.

VI.  **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service

VII.  **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

VIII.  **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ *Plaintiff(s)* <br> v. <br> _____ *Defendant(s)* | ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

_____
Date

_____

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

_____

Date _____

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

**SUMMONS IN A CIVIL ACTION**

To: *(Defendant's name and address)*


A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:


If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.


*CLERK OF COURT*

_____                              _____
Date

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)*

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

_____
Date

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____ | ) | |
| *Plaintiff(s)* | ) ) ) ) ) | |
| v. | ) | Civil Action No. |
| _____ | ) ) ) ) ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

_____                    _____
Date

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____
_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

_____
Date

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| _____<br>*Plaintiff(s)*<br>v. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No. |
| _____<br>*Defendant(s)* | ) |  |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

_____
Date

_____

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

.

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

_____
Date

_____
Server's signature

_____
Printed name and title

_____
Server's address

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

<table>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td><em>Plaintiff(s)</em></td><td>)</td><td></td></tr>
<tr><td>v.</td><td>)</td><td>Civil Action No.</td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td></td><td>)</td><td></td></tr>
<tr><td>_____</td><td>)</td><td></td></tr>
<tr><td><em>Defendant(s)</em></td><td>)</td><td></td></tr>
</table>

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

_____                    _____

Date

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____
_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)*
_____ , a person of suitable age and discretion who resides there,
on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is
designated by law to accept service of process on behalf of *(name of organization)*
_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*
                                                                                              .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

_____
Date

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: