RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney General

DYLAN C. CERLING
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 683
Washington, D.C.  20044
202-616-3395 (v)
202-307-0054 (f)
Dylan.C.Cerling@usdoj.gov

*Of Counsel:*
Joseph H. Harrington
U.S. Attorney, Eastern District of Washington

Attorneys for the United States

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No. C18-216 |
| Plaintiff, | |
| v. | **FIRST AMENDED COMPLAINT** |
| LAITH ELAIMY; ABIR ELAIMY, a/k/a ABEER ELAIMY; FEDERAL NATIONAL MORTGAGE ASSOCIATION; and WASHINGTON TRUST BANK; | |
| Defendants. | |

The United States of America complains and alleges as follows:

First Amended Complaint
(Case No. C18-216)

1

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

1. This is a civil action brought by the United States of America to (1) reduce to judgment (solely against Laith Elaimy) the outstanding federal tax liabilities and civil penalties that were assessed jointly against Laith and Abir/Abeer Elaimy, formerly husband and wife, and (2) foreclose federal tax liens on a parcel of property (the "subject property," more specifically described below).

## JURISDICTION AND VENUE

2. This action is brought at the direction of the Attorney General of the United States and at the request and with the authorization of the Chief Counsel of the Internal Revenue Service ("IRS"), a delegate of the Secretary of the Treasury, pursuant to 26 U.S.C. §§ 7401 and 7403.

3. The Court has jurisdiction over this action pursuant to 26 U.S.C. §§ 7402 and 7403 and 28 U.S.C. §§ 1340 and 1345.

4. Venue is proper in the Eastern District of Washington under 28 U.S.C. §§ 1391(b)(1) & (2) because the subject property is located within this judicial district, and the behavior giving rise to the tax liabilities occurred in this judicial district. Moreover, upon information and belief, both Laith Elaimy and Abir/Abeer Elaimy live in the Eastern District of Washington.

First Amended Complaint
(Case No. C18-216)

2

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

**DEFENDANTS**

5. The United States realleges paragraphs 1 through 4 and reincorporates them herein.

6. Laith Elaimy currently lives in the Eastern District of Washington. He is made a party to this suit because he has unpaid federal tax assessments, filed notices of federal tax liens related to those assessments name him, and he has an ownership interest in the subject property.

7. Abir/Abeer Elaimy currently lives in the Eastern District of Washington. She is made a party to this suit because filed notices of federal tax liens related to the assessments described in the previous paragraph (which were made jointly against her) name her, and she has an ownership interest in the subject property. The United States acknowledges that her tax debts have been discharged in bankruptcy, but avers that the liens were not avoided by the bankruptcy.

8. Vickie Peckham d/b/a Top Drawer Cabinets was originally made a party to this suit pursuant to 26 U.S.C. § 7403(b), because she/it might have claimed an interest in the subject property. She has since

First Amended Complaint
(Case No. C18-216)

3

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

disclaimed an interest in the property and is no longer a defendant. (*See* Dkt. No. 11.)

9.  Federal National Mortgage Association ("Fannie Mae") is made a party to this suit pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the subject property.

10.    Spokane County was originally made a party to this suit pursuant to 26 U.S.C. § 7403(b), because it might have claimed an interest in the subject property. It has since disclaimed an interest in the property and is no longer a defendant. (*See* Dkt. No. 11.)

11.    Washington Trust Bank is made a party to this suit pursuant to 26 U.S.C. § 7403(b), because it may claim an interest in the subject property.

## THE SUBJECT PROPERTY

12.    The United States seeks foreclosure of federal tax liens against the parcel of real property described below (otherwise referred to as "the subject property"), identified as 8116 East Elde Dr., Spokane, WA 99212. The legal description is as follows:

> Lot 1, Block 4, Northwood Second Addition, according to plat recorded in Volume 15 of Plats, Pages 41 and 42, in Spokane County, Washington.

First Amended Complaint
(Case No. C18-216)

4

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

13.     On November 16, 1990, a statutory warrant deed was recorded in Spokane County (Vol. 1154 page 1658) in which M. Vincent Searles and Kristy Searles transferred the subject property to Laith F. and Abeer S. Elaimy, husband and wife. The deed states that the property was transferred "in consideration of one dollar and other good and valuable consideration."

14.     On February 24, 1993, a deed of trust was recorded securing a note in the amount of $160,000, originally payable to Community West Mortgage, Inc. That deed has been subsequently assigned to other entities several times, most recently to the Federal National Mortgage Association ("Fannie Mae.").

15.     The deed of trust described in paragraph 14 is currently held by Fannie Mae.

16.     On August 11, 1999, a deed of trust was recorded in Spokane County (instrument number 4401039), in which the borrowers—Abeer S. Elaimy and Laith F. Elaimy—secured a loan of $121,493.87 with the subject property. The original lender was Washington Trust Bank, and the original trustee was Spokane County Title.

17.     Washington Trust Bank still holds that deed of trust.

First Amended Complaint
(Case No. C18-216)

5

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

18.     On October 7, 1999, Vickie Peckham d/b/a Top Drawer Cabinets recorded a lien pursuant to RCW 60.04, against Laith Elaimy, secured by the subject property, in the amount of $5,003.57.

19.     On January 18, 2007, Abeer S. Elaimy filed an order changing her first name from "Abeer" to "Abir."

## TAX LIABILITIES, ONE TAXPAYER'S DISCHARGE, AND THE TOLLING OF THE COLLECTION STATUTE

20.     The United States reasserts the allegations made in paragraphs 1 through 19, above, as set forth herein.

21.     On the dates set forth below, a duly authorized delegate of the Secretary of the Treasury made assessments against Abeer Elaimy (a/k/a Abir Elaimy) and Laith Elaimy, jointly, as follows:

| Type of Tax | Tax Periods | Assessment Date | Assessment Amount[1] | | Estimated Unpaid Balance as of June 27, 2018[2] |
|---|---|---|---|---|---|
| 1040 | 1999 | 3-10-2003 | T | $97,362.44 | $206,816.16 |
| | | 3-10-2003 | P1 | $19,791.55 | |
| | | 3-10-2003 | P2 | $15,393.43 | |
| | | 3-10-2003 | I | $24,209.63 | |

[1] T—tax assessed; F—fees and collection costs; P1—late return filing penalty, 26 U.S.C. §6651(a)(1); P2—failure to timely pay tax penalty, 26 U.S.C. §6651(a)(2) & (a)(3); P3—estimated tax penalty; P4—fraud penalty, § 6663; I—interest assessed, or reduced and removed previous interest credited; F—Fees and collection costs.
[2] Includes assessments and payments to date. Does not include accrued but unassessed interest and statutory additions.

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

| | | 10-3-2005 | P2 | $1,826.00 | |
| | | 11-16-2015 | I | $91,332.25 | |
| | | 11-14-2016 | I | $7,683.98 | |
| | | 11-13-2017 | I | $7,979.60 | |
| 1040 | 2001 | 2-10-2003 | T | $132,924.00 | $37,678.13 |
| | | 2-10-2003 | P3 | $2,974.07 | |
| | | 2-10-2003 | P1 | $21,602.02 | |
| | | 2-10-2003 | P2 | $4,800.45 | |
| | | 2-10-2003 | I | $5,826.49 | |
| | | 9-1-2003 | F | $38.00 | |
| | | 10-3-2005 | P2 | $10,766.05 | |
| | | 11-16-2015 | I | $75,754.38 | |
| | | 11-14-2016 | I | $6,083.69 | |
| | | 11-13-2017 | I | $4,593.32 | |
| 1040 | 2003 | 8-16-2004 | T | $61,805.78 | $80,599.97 |
| | | 8-16-2004 | P2 | $883.39 | |
| | | 8-16-2004 | I | $552.62 | |
| | | 8-8-2005 | P2 | $3,533.58 | |
| | | 8-7-2006 | P2 | $4,240.29 | |
| | | 10-23-2006 | F | $64.00 | |
| | | 8-9-2010 | P2 | $176.68 | |
| | | 4-14-2014 | F | $110.00 | |
| | | 11-16-2015 | I | $29,808.90 | |
| | | 11-14-2016 | I | $2,744.10 | |
| | | | I | $3,150.63 | |
| **TOTAL** | | | | | $325,094.26 |

22.    On or around March 1, 2007, Laith and Abir/Abeer Elaimy submitted an offer in compromise, which was rejected by the IRS on August 6, 2008, 524 days later.

First Amended Complaint
(Case No. C18-216)

7

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

23.     The IRS collection statute was tolled during the period described in paragraph 20, plus an additional 30 days. 26 U.S.C. §§ 6331(k)(1) & 6331(i)(5).

24.     On or around February 26, 2009, Laith and Abir/Abeer Elaimy submitted a second offer in compromise, which was rejected by the IRS on November 2, 2009, 249 days later.

25.     The IRS collection statute was tolled during the period described in paragraph 22, plus an additional 30 days. 26 U.S.C. §§ 6331(k)(1) & 6331(i)(5).

26.     On or around May 20, 2011, Laith and Abir Elaimy filed for relief under the bankruptcy code (E.D. Wash. Case No. 2:11-bk-2526). That proceeding was dismissed without a discharge on or around November 23, 2011, 187 days later.

27.     The IRS collection statute was tolled during the period described in paragraph 24, plus an additional six months. 26 U.S.C. § 6503(h).

28.     On or around June 7, 2012, Laith and Abir Elaimy filed for relief under the bankruptcy code (E.D. Wash. Case No. 2:12-bk-2603). Laith Elaimy's discharge in that bankruptcy proceeding was denied on

First Amended Complaint
(Case No. C18-216)                    8                    U.S. DEPARTMENT OF JUSTICE
                                                          Tax Division, Western Region
                                                          P.O. Box 683
                                                          Washington, D.C.  20044
                                                          Telephone: 202-616-3395

February 26, 2014, 629 days later. On or around March 7, 2014, the bankruptcy court granted Abir Elaimy a bankruptcy discharge.

29.     The IRS collection statute was tolled during the two periods described in paragraph 26, with each period being extended by an additional six months. 26 U.S.C. § 6503(h). The United States' statute-of-limitations calculations have been based off of the shorter of the two periods (Laith Elaimy's period).

30.     The period for collection of the assessments described in paragraph 19, above, has not yet expired as to either Laith Elaimy or Abir/Abeer Elaimy, and this action is not barred by 26 U.S.C. § 6502.

31.     Laith Elaimy and Abir/Abeer Elaimy failed to pay in full the above tax liabilities despite notice and demand for payment. Pursuant to 26 U.S.C. § 6321, statutory liens arose against all property and rights to property owned by Laith and Abir/Abeer Elaimy, including the subject property, at the time of the tax assessments.

32.     Despite timely notice and demand for payment of the assessments described above, Laith Elaimy and Abir/Abeer Elaimy neglected or refused to make payment to the United States, and there remains due and owing on those assessments, together with accrued but

First Amended Complaint
(Case No. C18-216)

9

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C. 20044
Telephone: 202-616-3395

unassessed statutory interest and other additions, the amount of

$325,094.26, as of June 27, 2018, plus statutory interest and accruals

after that date.

33.     The IRS duly recorded notices of federal tax liens in Spokane

County, Washington, on August 27, 2003 (Doc. No. 4952132), October 3,

2006 (Doc. No. 5442629), October 30, 2012 (Doc. No. 6143524), and

March 24, 2014 (Doc. No. 6292404), for Laith and Abir/Abeer Elaimy's

1999, 2001, and 2003 individual income tax period debt.

## THE BANKRUPTCY AND ABIR/ABEER ELAIMY'S DISCHARGE

34.     The United States reasserts the allegations made in

paragraphs 1 through 33, above.

35.     As noted above, Laith and Abir/Abeer Elaimy petitioned for

relief under the bankruptcy code (Chapter 7, specifically) on or around

June 7, 2012.

36.     On February 26, 2014, the bankruptcy court denied Laith

Elaimy's request for a discharge.

37.     On March 7, 2014, the bankruptcy court granted Abir/Abeer

Elaimy's petition for a discharge.

First Amended Complaint
(Case No. C18-216)

10

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

38.     Accordingly, Laith Elaimy has not obtained a discharge of the tax debts described in paragraph 19.

39.     Even after obtaining a bankruptcy discharge of her personal debts, the liens securing Abir/Abeer's tax debts that attached to her pre-petition bankruptcy property survived the bankruptcy. Accordingly, even post-discharge, the United States can collect on Abir/Abeer Elaimy's pre-petition property to which tax liens attached.

## COUNTY I: REDUCE TO JUDGMENT FEDERAL TAX AND PENALTY ASSESSMENTS AGAINST LAITH ELAIMY

40.     The United States reasserts the allegations made in paragraphs 1 through 39, above.

41.     On the dates, in the amounts, and for the tax periods set forth in paragraph 19 above, a duly authorized delegate of the Secretary of the Treasury made assessments against Defendants Laith and Abir/Abeer Elaimy, jointly, for unpaid federal income taxes, penalties, and interest.

42.     Despite timely notice and demand for payment of the assessments described above, Laith and Abir/Abeer Elaimy have neglected, refused, or failed to pay the assessments and there remains due and owing to the United States on those assessments (from Laith

First Amended Complaint
(Case No. C18-216)

11

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

Elaimy) the amount of $325,094.26, as of June 27, 2018, plus statutory interest and accruals after that date.

43.     Abir/Abeer Elaimy has received a discharge in bankruptcy, and the United States is not requesting a judgment against her for the assessments described in paragraph 19.

44.     Under 26 U.S.C. § 7402(a), the United States is entitled to a judgment against Laith Elaimy for the unpaid balance of the assessed amounts described above, plus statutory interest and any other additions accruing to the date of payment.

## COUNT II: FIND THAT THE UNITED STATES' TAX LIENS HAVE PRIORITY OVER SUBSEQUENTLY-RECORDED INTERESTS

45.     The United States reasserts the allegations made in paragraphs 1 through 44, above.

46.     Any interests recorded after the IRS's notices of federal tax liens, apart from those entitled to a superpriority under 26 U.S.C. § 6323, should have a lower priority than the IRS tax liens.

47.     The United States is entitled to an order that the federal tax liens have priority over all interests in the subject property acquired after the attachment of the tax liens, subject to 26 U.S.C. § 6323.

First Amended Complaint
(Case No. C18-216)                                  12                    **U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

## COUNT III: FORECLOSE FEDERAL TAX LIENS AGAINST THE SUBJECT PROPERTY AND SELL THE PROPERTY TO SATISFY, IN PART OR IN FULL, THE TAX LIENS AT ISSUE

48.     The United States realleges paragraphs 1 through 47 and reincorporates them herein.

49.     Pursuant to 26 U.S.C. §§ 6321 and 6322, statutory liens for unpaid federal taxes arose in favor of the United States against all property and rights to property, whether real or personal, belonging to Laith Elaimy and Abir/Abeer Elaimy—including the subject property— as of the dates of assessments described in paragraph 19, above.

50.     The federal tax liens under § 6321, described in the paragraph above, attached to Laith and Abir/Abeer Elaimy's interests in the subject property sought to be foreclosed in this action, and remain on the subject property, despite any subsequent transfers.

51.     Abir/Abeer Elaimy's bankruptcy discharge did not void, release, or ameliorate the liens described in the foregoing paragraphs, and the United States can still foreclose those liens because even after a bankruptcy discharge, the subject property "remains liable for a debt secured by a valid lien, including a tax lien." *In re Isom*, 901 F.2d 744, 745 (9th Cir. 1990).

First Amended Complaint
(Case No. C18-216)

13

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

52.      Washington is a community property state, and the assessments described in paragraph 19 were made during the existence of the marital community.

53.      Under 26 U.S.C. § 7403(c), the United States is entitled to a decree of sale of the subject property to enforce its tax liens (arising out of the tax debts of both Laith Elaimy and Abir/Abeer Elaimy, despite the latter's bankruptcy discharge) thereon.

WHEREFORE the United States prays as follows:

a. That judgment be entered against defendant Laith Elaimy for unpaid federal income taxes and penalties for the 1999, 2001, and 2003 tax years, in the amount of $325,094.26, as of June 27, 2018, plus statutory interest and accruals after that date.

b. That the Court determine that the United States has valid and subsisting federal tax liens, pursuant to 26 U.S.C. § 6321 and 6322, on all property and rights to property of Laith Elaimy, both real and personal, tangible and intangible, including the subject property.

First Amended Complaint
(Case No. C18-216)

14

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

c. That the Court determine the merits and priority of any claim or interest in the subject property asserted by the named Defendants. *See* 26 U.S.C. § 6323.

d. That the Court order that the United States' tax liens (arising out of the tax debts of both Laith Elaimy and Abir/Abeer Elaimy, despite the latter's bankruptcy discharge) encumbering the subject property be foreclosed; that the property be ordered sold pursuant to applicable law; that the proceeds of the sale be applied first to the costs of such sale and any outstanding real property county taxes at the time of such sale and to any other claimants with priority claims over the United States, and then to the United States to satisfy its federal tax liens; and

e. That the United States be granted such other relief as the court deems just and proper, including fees and costs as allowed by law.

Dated this 22 day of October, 2018.

RICHARD E. ZUCKERMAN
Principal Deputy Assistant Attorney
General

*/s/ Dylan Cerling*
DYLAN C. CERLING
Trial Attorney, Tax Division
U.S. Department of Justice

First Amended Complaint
(Case No. C18-216)

15

P.O. Box 683
Washington, D.C.  20044
202-616-3395 (v)
202-307-0054 (f)
Dylan.C.Cerling@usdoj.gov

Of Counsel:
Joseph H. Harrington
U.S. Attorney
E.D. Wash.

First Amended Complaint
(Case No. C18-216)

16

**U.S. DEPARTMENT OF JUSTICE**
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

1

## CERTIFICATE OF SERVICE

2

3    I hereby certify that on this 22nd day of October, 2018, I electronically
filed the foregoing document with the Clerk of Court using the CM/ECF
4    system, which will give automatic notice to the following parties:

5    Brant Stevens
222 W. Mission Ave., Ste. 25
6    Spokane, WA 99021
*Attorney for Laith Elaimy and Abir Elaimy*
7

8    Michael Farrell
Thomas Purcell
9    117 SW Taylor Street, Suite 200
Portland, OR 97204
10   *Attorneys for Seterus, Inc. and Fannie Mae*

11

12                          */s/ Dylan C. Cerling*
                            DYLAN C. CERLING
13                          Trial Attorney
                            United States Department of Justice,
14                          Tax Division

15

16

17

18

19

20

21

22

23

24

U.S. DEPARTMENT OF JUSTICE
Tax Division, Western Region
P.O. Box 683
Washington, D.C.  20044
Telephone: 202-616-3395

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

| | ) |
|---|---|
| | ) |
| | ) |
| _____ | ) |
| *Plaintiff(s)* | ) |
| v. | ) Civil Action No. |
| | ) |
| | ) |
| | ) |
| _____ | ) |
| *Defendant(s)* | ) |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

_____                    _____

Date

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

_____

Date

_____

Server's signature

_____

Printed name and title

_____

Server's address

Additional information regarding attempted service, etc:

AO 440 (Rev. 06/12)  Summons in a Civil Action

# UNITED STATES DISTRICT COURT

for the

_____ District of _____

|  |  |  |
|---|---|---|
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Plaintiff(s)* | ) | |
| v. | ) | Civil Action No. |
| | ) | |
| | ) | |
| | ) | |
| _____ | ) | |
| *Defendant(s)* | ) | |

## SUMMONS IN A CIVIL ACTION

To: *(Defendant's name and address)*

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

_____          _____

Date

AO 440 (Rev. 06/12)  Summons in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 4 (l))*

This summons for *(name of individual and title, if any)* _____

was received by me on *(date)* _____ .

❏ I personally served the summons on the individual at *(place)* _____

_____ on *(date)* _____ ; or

❏ I left the summons at the individual's residence or usual place of abode with *(name)* _____

_____ , a person of suitable age and discretion who resides there,

on *(date)* _____ , and mailed a copy to the individual's last known address; or

❏ I served the summons on *(name of individual)* _____ , who is

designated by law to accept service of process on behalf of *(name of organization)* _____

_____ on *(date)* _____ ; or

❏ I returned the summons unexecuted because _____ ; or

❏ Other *(specify):*

_____ .

My fees are $ _____ for travel and $ _____ for services, for a total of $ _____ .

I declare under penalty of perjury that this information is true.

_____
Date

_____
*Server's signature*

_____
*Printed name and title*

_____
*Server's address*

Additional information regarding attempted service, etc: